W. W. GRAVES, EXECUTOR, *v.* ENOCH CLARK'S ADMINISTRATOR.

**Trial—Instructions must not give Prominence to any Part of Testimony.**
The words, "actual payment," were calculated to mislead the jury and withdraw from their consideration all the testimony bearing on the issue, except that direct and positive in its character.

**Trial—Instructions—Selecting Facts Proven.**
An instruction which selects from all the facts proven those most favorable to the party offering it should be refused.

**Trial—Jury—Disagreement as to Testimony—Request for Simplification of Instructions—Explanation must be in Writing.**
The jury returned into court and asked that the instructions be simplified and the court gave oral instructions in explanation of the written instructions already given.
Held, that this is error, as the provision of the Code requiring instructions to be in writing, where either party requests it, is imperative.

APPEAL FROM FAYETTE CIRCUIT COURT.

September 27, 1871.

OPINION BY JUDGE PRYOR:

We perceive no error in the refusal of the court to give instruction No. 1 asked for by appellant.

The words, "actual payment," were calculated to mislead the jury, and withdraw from their consideration all the testimony bearing upon the issue, except that direct and positive in its character. The same objection applies to this instruction as modified by counsel. The same degree of proof and no other was required to support the issue made in the case, as would be required in any other civil action.

The jury must have believed from the evidence that the note was paid off before finding for the defendant, and the weight of evidence should control in this as in any other issue of fact tried by a jury in an ordinary proceeding.

The instruction given at the instance of the appellee should have been refused. This instruction selects from all the facts proven those most favorable to appellee, and these facts are made more prominent than any other by having the attention of the jury called specially to this by the instruction. They must decide the case from all the evidence adduced, and the facts embodied in the instruction are to be considered by the jury in connection with all the other facts proven.

By section 361, Civil Code, it is made the duty of the court, when the jury disagree as to the testimony or any part of it, or desire to be informed upon any legal question arising in the case to give them the information desired in the presence of or after notice to the parties or their counsel. In this case, the jury after retiring to their room returned into court and asked that the instructions be simplified. The court then gave verbal instructions in explanation of the written instructions already given, to which appellants objected at the time, and required that the instructions should be reduced to writing. This the court refused to do, and this refusal on the part of the court is also complained of as error. Section 348, Code of Practice, reads: "When the evidence is concluded, either party may request instructions on points of law, which shall be given or refused by the court, which instructions shall be reduced to writing if either party require it."

This provision of the Code is imperative as was decided by this court in the case of *Ferguson v. Fox, Admr.*, 1 *Metcalf* 85. For this error, if no other, the cause is reversed with directions to set aside the verdict and judgment in the court below and give appellant a new trial and for further proceedings not inconsistent with this opinion.

*Breckenridge & Buckner, for appellant.*
*Kinkead & Buckner, for appellee.*